[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 09, 2010
JOHN LEY
CLERK

No. 09-16238
Non-Argument Calendar

_____

D. C. Docket No. 09-20160-TP-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2010)

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Roberto Hernandez appeals his six-month sentence, imposed after he violated the terms of his supervised release. This sentence reflected the district court's concerns regarding the circumstances of Hernandez's arrest, was imposed after consideration of the parties' arguments, and was within the guidelines range. Accordingly, the sentence was not outside the range of reasonable sentences dictated by the facts by this case. Accordingly, we AFFIRM.

## BACKGROUND

On 5 March 2008, Hernandez was sentenced to a term of imprisonment followed by three years of supervised release for violating 18 U.S.C. § 371, conspiracy to commit access device fraud, and 18 U.S.C. § 1029(a)(1), access device fraud. R1-1 at 10-12. Hernandez's term of supervision began on 10 December 2008. *See* R1-2 at 1. On 9 September 2009, a probation officer requested a summons and a modification of the conditions or term of supervision, alleging that Hernandez violated the terms of his supervised release, as follows: (1) by failing to refrain from a violation of the law by committing the offense of resisting arrest without violence ("Count 1"); (2) by failing to notify the probation officer within 72 hours of being arrested ("Count 2"); and (3) by failing to work regularly at a lawful occupation ("Count 3"). *Id.* at 1-2. The probation officer recommended that Hernandez's conditions of supervision be modified by requiring

2

Hernandez to reside at and participate in a residential re-entry center for up to 180 days. *Id.* at 2. Hernandez admitted guilt as to Counts 2 and 3. R2 at 2-4.

As to Count 1, the district court heard testimony from Juan Amaro, a Florida police detective. *Id.* at 11-12. On 21 August 2009, Amaro was off duty, but working as a guard for SunTrust Bank in his full police uniform. *Id.* at 12-13. He heard over the radio that someone snatched a purse from an elderly woman at the mall across the street from the bank. *Id.* at 13. Amaro exited the bank in response and saw a gentleman fitting the description of the subject who was running away from another gentleman. *Id.* at 14. Amaro ran after the suspect, identified himself as a police officer, and ordered the suspect to stop. *Id.* Amaro eventually caught up to the suspect, who he identified as Hernandez, and arrested him. *Id.* at 14-15. Amaro testified that Hernandez had approximately $1,300 in cash when he was arrested. *Id.* at 15.

The district court initially found Hernandez not guilty of Count 1 because it mistakenly believed that Count 1 alleged that he committed robbery. *See id.* at 22-23. Even though it was troubled by the accusation that Hernandez stole a purse, the district court acknowledged that it did not hear any evidence of that offense. *See id.* at 10, 22-23. However, after realizing that Count 1 was for resisting arrest without violence, the district court found Hernandez guilty based on Amaro's

3

testimony. *Id.* at 23. Hernandez objected to the district court's finding regarding Count 1. *Id.* at 23-24.

Hernandez's guidelines range was between three and nine months' imprisonment. *Id.* at 19. The government recommended a sentence within the guidelines range. *Id.* at 4. The probation officer recommended 180 days in a residential program. *Id.* at 5. Hernandez asked the court to consider the fact that the probation officer's position was originally a modification, but Hernandez, who was uncounseled at the time, chose to appear before the district court rather than take the probation officer's recommendation. *Id.* at 17-18. Hernandez also indicated that the state charge of resisting arrest was still pending. *Id.* at 18.

The court subsequently sentenced Hernandez to 6 months' imprisonment followed by 30 months on supervised release. *Id.* at 19; *see also* R1-12. The court "carefully considered the statements of all the parties and the information contained in the violation report and the testimony of Detective Amaro." R2 at 19. The court was troubled that, according to the violation report, Hernandez had $1,361 on his person at the time of his arrest. *Id.* at 19-20. The court indicated that this was a lot of money for someone who was not employed and who owed a $7,500 fine from his prior convictions. *See id.* at 9, 21-22.

4

## II. DISCUSSION

On appeal, Hernandez argues that his sentence was unreasonable because (1) the probation officer recommended a modification, and (2) the district court relied on unproven charges that were still pending in state court. He argues that the appropriate remedy in his case was a modification, so, because he chose to go before the district court rather than take the probation officer's recommendation, he should not be jailed for this decision. He contends that the sentence imposed was greater than necessary to comply with the statutory goals of sentencing.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). We review a sentence imposed upon the revocation of supervised release for reasonableness. *Id.* at 1106-07. Although plain error applies where the defendant has failed to raise issues below, *see United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), we have not applied this to an inquiry concerning the reasonableness of a sentence. However, it is unnecessary to decide if plain error applies in this case because Hernandez's arguments fail under either standard.

The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed . . . treatment;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . . ; and
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The sentence imposed must be "sufficient, but not greater than necessary," to comply with the purposes of sentencing as set forth in § 3553(a)(2). *Id.* We ordinarily expect a sentence within the advisory guidelines range to be reasonable. *Talley*, 431 F.3d at 788.

The reasonableness inquiry is a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we look at whether the district court committed any significant procedural errors and then at whether the sentence is

6

substantively reasonable under the totality of the circumstances. *Id.* Procedural errors include a district court failing to calculate, or improperly calculating, a defendant's guideline range; treating the guidelines as mandatory; failing to consider the § 3553(a) factors; choosing a sentence based on clearly erroneous facts; or failing to adequately explain its chosen sentence. *Id.* A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing as stated in § 3553(a). *Id.* at 1191. We will reverse a sentence only when the district court commits "a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.*

As an initial matter, even though Hernandez objected below, he does not challenge on appeal the district court's finding that he committed the alleged violation in Count 1. Accordingly, he has abandoned this argument. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating that when a defendant fails to offer argument on an issue, it is abandoned). In addition, Hernandez has abandoned any argument pertaining to the procedural reasonableness of his sentence because he did not offer any argument on that issue, either. *Id.*

Hernandez failed to establish that his six-month sentence was substantively unreasonable. The district court, taking into account the totality of the

7

circumstances, has broad discretion to craft a sentence sufficient, but not greater than necessary, to satisfy the purposes of criminal punishment as set forth in § 3553(a)(2). Here, the district court considered the parties' arguments, the violation report, the testimony of the arresting officer, and the circumstances of Hernandez's arrest before it ultimately imposed a within-guidelines sentence. Although Hernandez argues that the district court relied on an unproven charge of resisting arrest then-pending in state court, the district court did not rely on the unproven charge – it relied on Amaro's testimony regarding the circumstances of the arrest. R2 at 19. Hernandez suggests that he is being punished for choosing to be appear before a district court instead of taking the probation officer's recommendation for a modification. That Hernandez may have received the probation officer's recommendation through a different course of action does not change the reasonableness of the sentence ultimately imposed by the district court. The fact that it was unconvinced by the probation officer's recommendation in favor of 180 days in a residual program does not mean that it abused that discretion. *See Talley*, 431 F.3d at 788. Rather, the district court had a range of sentences to choose from, and the six-month sentence does not fall outside that range of reasonable sentences dictated by the facts of this case. *Pugh*, 515 F.3d at 1191.

8

### III.  CONCLUSION

Because the court properly considered all of the appropriate facts and arguments and imposed a sentence within the guidelines range, we conclude that the sentence imposed upon Hernandez was reasonable.

**AFFIRMED.**